FILED
5/6/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
JMK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 20 CR 101 |
| | ) | Violations: 18 U.S.C. §§ 371, 666(a)(2), |
| v. | ) | and 1952(a)(3) and 26 U.S.C. |
| | ) | § 7206(1) |
| PATRICK DOHERTY | ) | **Superseding Indictment** |

JUDGE GUZMAN
MAGISTRATE JUDGE FUENTES

### COUNT ONE

The SPECIAL JANUARY 2020 GRAND JURY charges:

1. At times material:

    a. Company A was a Chicago-area company that provided red-light cameras that enabled municipalities to enforce certain traffic violations and issue traffic-violation tickets.

    b. Defendant PATRICK DOHERTY was a sales agent for Company A. DOHERTY was also a manager of PMD Consulting LLC, which also served as a sales agent for Company A.

    c. Individual A had an ownership interest in Company A.

    d. Individual B was a sales agent for Company A.

    e. The Village of Oak Lawn was a unit of local government located in the Northern District of Illinois. The governing body of the Village of Oak Lawn was known as the Board of Trustees.

    f. Trustee 1 was an elected member of the Board of Trustees.

    g. Relative 1 was a member of Trustee 1's immediate family.

h.     On or about February 25, 2014, the Board of Trustees approved a contract for Company A to provide red-light cameras to the Village of Oak Lawn at specified intersections. The contract was scheduled to expire in or around 2018 without additional approval from the Board of Trustees. Pursuant to this contract, Company A periodically sent Oak Lawn officials video segments of proposed traffic violations captured by Company A's red-light cameras, and Oak Lawn officials subsequently decided which violations to approve. Company A obtained a portion of the proceeds generated from the approved-and-paid-for violations, and, in turn, Company A paid a portion of those proceeds to sales agents responsible for obtaining contracts for Company A to provide red-light-camera services to municipalities. The installation of additional red-light cameras at intersections not specified in the contract between Oak Lawn and Company A required approval from the Board of Trustees.

2.     From no later than in or around May 2017 and continuing until in or around August 2017, at Oak Lawn, in the Northern District of Illinois, Eastern Division, and elsewhere,

PATRICK DOHERTY,

defendant herein, knowingly conspired and agreed with Individual A and Individual B to commit an offense against the United States, that is, to use and cause to be used a facility in interstate commerce with the intent to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on of an unlawful activity, namely, bribery in violation of 720 ILCS 5/33-1(a) and (b), and thereafter to perform

2

and attempt to perform an act of promotion, management, and carrying on, and facilitation of the promotion, management, and carrying on of the unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

## Manner and Means of the Conspiracy

3. It was part of the conspiracy that DOHERTY, Individual A, and Individual B agreed to pay money to Trustee 1's family member, Relative 1, in order to influence Trustee 1 to use his official position to cause the installation by Company A of red-light cameras at additional intersections within Oak Lawn.

4. It was further part of the conspiracy that DOHERTY, Individual A, and Individual B agreed to make payments to Relative 1 totaling approximately $4,000 over an eight-week period.

5. It was further part of the conspiracy that, in order to conceal the purpose of the payments made to Relative 1, as well as Company A's interest in the payments, DOHERTY, Individual A, and Individual B agreed that the payments to Relative 1 would be made by DOHERTY from PMD Consulting.

6. It was further part of the conspiracy that, at around the same time as the conspirators sought Trustee 1's assistance with the installation by Company A of red-light cameras at additional intersections within Oak Lawn, Individual B told Trustee 1 of the plan to pay Relative 1 $500 a week over a two-month period.

7. It was further part of the conspiracy that DOHERTY, Individual A, and Individual B communicated about and coordinated their efforts to bribe Trustee 1

through payments made to Relative 1 by using facilities of interstate commerce, namely, cellular telephones and their associated communications networks.

8. It was further part of the conspiracy that DOHERTY caused a $500 check to be issued by PMD Consulting, made payable to the order of Relative 1.

9. It was further part of the conspiracy that DOHERTY, Individual A, and Individual B concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the conspiracy and the acts done in furtherance of the conspiracy.

### Overt Acts

10. In furtherance of the conspiracy and to effect its unlawful objectives, DOHERTY, Individual A, and Individual B committed and caused to be committed the following overt acts, among others, in the Northern District of Illinois and elsewhere:

   a. On or about May 23, 2017, Individual B used a cellular telephone to tell Trustee 1 of the plan to pay Relative 1 $500 a week over a two-month period.

   b. On or about May 25, 2017, DOHERTY used a cellular telephone to tell Individual B that DOHERTY would make payments to Relative 1 "if it's going to get us the job," and later added, "I'll just pay it. Just make sure we get the, make sure we get the fucking thing, the contract."

   c. On or about May 30, 2017, DOHERTY used a cellular telephone to tell Individual A that DOHERTY was going to pay Relative 1 "just on the chance of, uh, that we can get the other ones in Oak Lawn and get [Trustee 1] on our side."

4

        d.      On or about May 30, 2017, DOHERTY used a cellular telephone to tell Individual B that Relative 1 would "make $4,000 over the summer, 500 bucks a week."

        e.      On or about June 13, 2017, DOHERTY used a cellular telephone to tell Relative 1 that "it's not like I need ya," but that Relative 1 would nonetheless receive $500 a week for eight weeks.

        f.      On or about June 15, 2017, DOHERTY caused a check in the amount of $500 to be made by PMD Consulting, payable to the order of Relative 1.

        g.      On or about June 15, 2017, DOHERTY gave Relative 1 a $500 check from PMD Consulting.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about June 13, 2017, at approximately 4:25 p.m., at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PATRICK DOHERTY,

defendant herein, used and caused to be used a facility in interstate commerce, namely, a cellular telephone and an associated communication network, with intent to promote, manage, carry on, and facilitate the promotion, management, and carrying on of an unlawful activity, namely, bribery in violation of 720 ILCS 5/33-1(a) and (b), and thereafter the defendant did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Section 1952(a)(3) and 2.

## COUNT THREE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about June 15, 2017, at approximately 11:02 a.m., at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

PATRICK DOHERTY,

defendant herein, used and caused to be used a facility in interstate commerce, namely, a cellular telephone and an associated communication network, with intent to promote, manage, carry on, and facilitate the promotion, management, and carrying on of an unlawful activity, namely, bribery in violation of 720 ILCS 5/33-1(a) and (b), and thereafter the defendant did perform and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Section 1952(a)(3) and 2.

## COUNT FOUR

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. At times material:

    a. Company B was a Chicago-area development company.

    b. Individual A had an ownership interest in Company B.

    c. Public Official A was the Mayor of the Village of McCook. As Mayor, Public Official A had the authority to act on behalf of the Village of McCook by entering into agreements with, and authorizing payments to, vendors, including Company B.

2. From no later than in or around September 2018 and continuing until in or around September 2019, at McCook, in the Northern District of Illinois, Eastern Division, and elsewhere,

<div style="text-align: center">PATRICK DOHERTY,</div>

defendant herein, knowingly conspired and agreed with Public Official A to commit an offense against the United States, that is, to use and cause to be used a facility in interstate commerce with the intent to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on of an unlawful activity, namely, bribery in violation of 720 ILCS 5/33-1(d) and (e), and thereafter to perform and attempt to perform an act of promotion, management, and carrying on, and facilitation of the promotion, management, and carrying on of the unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

## Manner and Means of the Conspiracy

3. It was part of the conspiracy that DOHERTY and Public Official A agreed to solicit and accept money from Individual A, in return for Public Official A using his official position to cause the Village of McCook to enter into agreements with, and to make payments to, Company B.

4. It was further part of the conspiracy that DOHERTY solicited Individual A to make payments to Public Official A.

5. It was further part of the conspiracy that DOHERTY and Public Official A communicated about and coordinated their efforts to solicit money from Individual A by using facilities of interstate commerce, namely, cellular telephones and their associated communications networks.

6. It was further part of the conspiracy that DOHERTY and Public Official A concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the conspiracy and the acts done in furtherance of the conspiracy.

## Overt Acts

7. In furtherance of the conspiracy and to effect its unlawful objectives, DOHERTY and Public Official A committed and caused to be committed the following overt acts, among others, in the Northern District of Illinois and elsewhere:

    a. On or about September 6, 2018, DOHERTY used a cellular telephone to tell Individual A to make a bribe payment to Public Official A.

    b.  On or about September 12, 2018, Public Official A accepted $3,655 in cash from Individual A.

    c.  On or about August 21, 2019, DOHERTY used a cellular telephone to tell Individual A that Individual A should pay a bribe of $2,500 to Public Official A.

    d.  On or about September 4, 2019, Public Official A accepted $2,500 in cash from Individual A.

    e.  On or about September 5, 2019, DOHERTY used a cellular telephone to tell Individual A that (1) DOHERTY would make sure that Public Official A would sign a Village of McCook check made to Company B, and (2) whether Individual A and Company B could obtain additional work from McCook was "all contingent on what you can give . . . ."

  All in violation of Title 18, United States Code, Section 371.

## COUNT FIVE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.  The allegations in paragraphs 1(a) through 1(c) of Count One are realleged and incorporated here.

2.  At times material:

    a.  The State of Illinois was a government that received in excess of $10,000 in federal benefits during the 2019 calendar year.

    b.  Individual C was a sales agent for Company A.

    c.  State Senator A was an Illinois State Senator and the Chairman of the Senate Transportation Committee. As Chairman of the Senate Transportation Committee, State Senator A was in a position to assist Company A by opposing legislation adverse to the interests of the red-light-camera industry and obtaining Illinois Department of Transportation ("IDOT") approvals for Company A's red-light cameras.

3.  From no later than in or around June 2019, and continuing at least until in or around September 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### PATRICK DOHERTY,

defendant herein, together with Individual C, corruptly offered and agreed to give things of value, namely, money, with intent to influence and reward State Senator A, an agent of the State of Illinois, in connection with any business, transaction, and series of transactions of the State of Illinois involving a thing of value of $5,000 or

11

more, namely, opposing legislation adverse to the interests of the red-light-camera industry and obtaining IDOT approvals for Company A's red-light cameras;

In violation of Title 18, United States Code, Section 666(a)(2).

## COUNT SIX

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about August 22, 2015, at Lyons, in the Northern District of Illinois, Eastern Division, and elsewhere,

## PATRICK DOHERTY,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2014, which return was verified by written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that said return reported on Line 22 that the total income was $167,331, when defendant knew that the total income substantially exceeded that amount;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT SEVEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about June 23, 2016, at Lyons, in the Northern District of Illinois, Eastern Division, and elsewhere,

## PATRICK DOHERTY,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2015, which return was verified by written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that said return reported on Line 22 that the total income was $191,783, when defendant knew that the total income substantially exceeded that amount;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT EIGHT

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about October 16, 2017, at Bridgeview, in the Northern District of Illinois, Eastern Division, and elsewhere,

PATRICK DOHERTY,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2016, which return was verified by written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that said return reported on Line 22 that the total income was $225,437, when defendant knew that the total income substantially exceeded that amount;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT NINE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about August 9, 2019, at Lincolnwood, in the Northern District of Illinois, Eastern Division, and elsewhere,

## PATRICK DOHERTY,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2017, which return was verified by written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that said return reported on Line 22 that the total income was $318,265, when defendant knew that the total income substantially exceeded that amount;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

On or about October 2, 2019, at Lincolnwood, in the Northern District of Illinois, Eastern Division, and elsewhere,

## PATRICK DOHERTY,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2018, which return was verified by written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that said return reported on Line 6 that the total income was $350,179, when defendant knew that the total income substantially exceeded that amount;

In violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL:

_____

FOREPERSON

_____
Signed by Amarjeet S. Bhachu
on behalf of the
UNITED STATES ATTORNEY

17