## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA     )
         )
    Plaintiff,         )
         ) **No. 20 CR 101**
         ) Honorable Ronald A. Guzman
         )
PATRICK DOHERTY         )
         )
    Defendant.         )

## DEFENDANT PATRICK DOHERTY'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM

NOW COMES the defendant, PATRICK DOHERTY by and through his attorneys, MICHAEL J. MONACO and WILLIAM BEATTIE, and states the following in response to the Government's Sentencing Memorandum:

### A Sentence Below the Advisory Guidelines Range is Sufficient to Address the Concerns Raised by the Government in its Sentencing Memorandum.

A sentence for Mr. Doherty that falls below the Guidelines range of 57 to 71 months will both afford adequate deterrence and promote respect for the law without being unnecessarily disparate from sentences imposed on other defendants with similar records found guilty of comparable conduct. In its Memorandum, the Government specifically references the case of *United States v. Moreno* in furtherance of its argument that a within-Guidelines sentence is necessary to send the proper message to both Mr. Doherty and others that the costs of corruption are severe. However, a review of the two defendants suggests that not to be the case. To begin with, unlike Mr. Doherty, Joseph Moreno's offenses occurred during his 16 years as an elected Cook County Commissioner, ostensibly putting his own interests before those of the very constituents whose trust he publicly sought from 1994 to 2010. (Please see Defendant's Exhibit

1

A). While Mr. Doherty was employed in the public sphere, and therefore a public official, his part-time position under Jeff Tobolski is a less egregious factor when considering an appropriate punishment. Moreover, the size and scope of Mr. Moreno's corruption, in an amount of over one million dollars, dwarfs the allegations in Mr. Doherty's case. It is of course for these reasons and more that the guideline range in Mr. Moreno's case was 168-210 months. (See Defendant's Exhibit B). Finally, at 6 years younger than Mr. Doherty and likely without Mr. Doherty's numerous health problems—which effectively magnify the punitive effect of his sentence—Mr. Moreno faced a far better likelihood of completing his sentence with the ability to lead a long and healthy life, reunited with his family. Notwithstanding those differences, and with the purpose of sending a significant message, Mr. Moreno was sentenced to a period of incarceration 36 months <u>below</u> the guideline range. Given all the §3553(a) factors presented in Mr. Doherty's Sentencing Memorandum, a below-Guidelines sentence is an appropriate punishment, sending an appropriate and significant message, here as well.

From a medical perspective, Mr. Doherty's case is more akin to that of Louis Presta who was sentenced here in the Northern District less than one year ago. Although Mr. Presta was an elected official, serving as mayor of the Village of Crestwood, he—like Mr. Doherty—entered a plea of guilty to a count involving bribery and a count of filing a false tax return. (See Defendant's Exhibit C). Also like Mr. Doherty, he was of advanced age and suffered from numerous debilitating medical ailments. (See Defendant's Exhibit D). While the advisory guideline range for his offenses was 24 to 30 months, Mr. Presta, like Mr. Moreno, was sentenced to a period of incarceration below the guideline range, specifically 12 months and one day. (See Defendant's Exhibit E).

18 U.S.C. § 3553(a)(6) advises against sentences that are unnecessarily disparate from

those imposed upon similarly situated defendants. If elected officials, one of which whose medical condition is very similar to Mr. Doherty's, were given "just punishment" by sentences that fell below the guideline range, so too would Mr. Doherty by a sentence that was less than 57 months in prison. His career and reputation publicly shattered, his family's financial health in jeopardy, and his physical health in decline, Mr. Doherty should not have to face so many of his remaining years as an inmate, separated from those who would be well able to care for him. The punishment, message, and deterrence the government asks be given by this Court can surely be delivered by a sentence much less than that.

**Conclusion**

For the reasons argued above and in his previously filed Sentencing Memorandum, Mr. Doherty respectfully requests that this Honorable Court enter a sentence below the advisory sentencing guidelines range of 57 to 71 months.

Respectfully submitted
*/s/ Michael J. Monaco*
MICHAEL J. MONACO
53 W. Jackson Blvd., Suite 1105
Chicago, IL 60604
(312) 697-0007
michael@monacocriminallaw.com

*/s/ William Beattie*
WILLIAM BEATTIE
53 W. Jackson Blvd., Suite 1105
Chicago, IL 60604
(312) 697-0007
william@monacocriminallaw.com

3

**<u>CERTIFICATE OF SERVICE</u>**

I, Michael Monaco, an attorney, hereby certify that the foregoing Response to Government's Sentencing Memorandum was filed on February 22nd, 2023, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

*/s/ Michael J. Monaco*
MICHAEL J. MONACO
53 W. Jackson Blvd., Suite 1105
Chicago, IL 60604
(312) 697-0007
michael@monacocriminallaw.com

4